IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL S. WHITE, #S-10487, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WHITE COUNTY JAIL, )<br>RANDY COBB, TOM HADLEY and )<br>JOE WISE, )<br>)<br>Defendants. ) | Case No. 11-cv-0230-MJR |

## MEMORANDUM AND ORDER

**REAGAN District Judge:**

Plaintiff, an inmate currently incarcerated in the Pinckneyville Correctional Center, was at all times relevant to this action housed in the White County Jail. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's amended complaint (Doc. 9). Plaintiff was incarcerated in the White County Jail from January 4, 2010, to April 12, 2010. A substance Plaintiff describes as "sewer water," was backing up in the cell in which Plaintiff was housed. Plaintiff asked Defendants Cobb, Wise, and Hadley for a mop to clean up the water, but this request was refused. Instead, these Defendants verbally harassed Plaintiff for making the request.

Also while incarcerated at White County Jail, Plaintiff began experiencing chest pains and asked to be seen by medical personnel. Correctional officers on duty called Defendant Cobb, who is the jail administrator, but Defendant Cobb denied Plaintiff's request for medical treatment.

**Discussion:**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of FED. R. CIV. P. 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders,

unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:    Cell Conditions**

Plaintiff first alleges that he was held in unconstitutional conditions when he was placed in a cell in which sewer water was backing up. Unsanitary conditions similar to those described by Plaintiff here have been found to state a claim under the Eighth Amendment. *See Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (summary judgment improper where inmate alleged he lived with "filth, leaking and inadequate plumbing, roaches, rodents, the constant smell of human waste,... [and] unfit water to drink[.]").

Though Plaintiff does not describe the conditions in detail, liberally construing his complaint, it appears that he was subjected to ongoing exposure to sewer water in his cell during the three months he was incarcerated at White County Jail. These unsanitary and hazardous conditions, like those described in the cases above, meet the objective component of a constitutional violation.

As to the subjective component, Plaintiff's complaint demonstrates that Defendants were aware of the conditions in the cell as Plaintiff complained to Defendants Cobb, Wise, and Hadley, asking for a mop to clean up the cell. Plaintiff alleges that this request was denied, and the problem with the sewer water was not addressed. Prison officials' failure to take adequate steps to prevent inmates' exposure to unsanitary conditions can amount to deliberate indifference. *See Jackson,* 955 F.2d at 22. In this case, Defendants Cobb, Wise, and Hadley became aware of the issue when Plaintiff informed them that he needed the mop "so we can clean [the] cell." (Doc. 9, p. 5).

As a result, these Defendants were on notice of the unsanitary conditions in which Plaintiff was being kept, and yet they did nothing to alleviate those conditions.

A claim for denial of cleaning supplies may state a constitutional violation when the supplies are needed to provide reasonably adequate sanitation in the plaintiff's cell. *See Wheeler v. Walker*, 303 F. App'x. 365, 368 (7th Cir. 2008); *Vinning-El v. Long,* 482 F.3d 923, 923-25 (7th Cir.2007) (prisoner stated constitutional claim when he was deprived of basic sanitation items while he was incarcerated for six days in a cell in which blood and feces smeared the walls, water covered the floor, and the sink and toilet did not work); *Johnson v. Pelker,* 891 F.2d 136, 139-40 (7th Cir.1989) (Prisoner stated a claim where his requests for cleaning supplies were denied while he was incarcerated for three days in a cell that was smeared with feces and was without running water); *DeSpain v. Uphoff,* 264 F.3d 965, 974 (10th Cir. 2001) ("Exposure to human waste, like few other conditions of confinement, evokes ... health concerns ... and the more general standards of dignity embodied in the Eighth Amendment.").

Plaintiff made Defendants Cobb, Wise, and Hadley aware that sewer water was backing up in his cell, and they took no action, neither fixing the sewer problem nor providing the requested mop so that Plaintiff could clean up the mess. This adequately states a claim against these Defendants, and Count 1 will be allowed to proceed.

**COUNT 2:** **Harassment**

Plaintiff next alleges that, after he requested the mop to clean up his cell, Defendants Cobb, Wise, and Hadley made rude comments to him. Specifically, these Defendants told Plaintiff to use his cell mate's head for a mop, to "lick it up," and that the conditions of Plaintiff's cell were

"too f-ing bad." (Doc. 9, p. 5).

A plaintiff's claims that he is being harassed by prison officials may be actionable when done maliciously. *Hudson v. Palmer*, 468 U.S. 517, 528-30 (1984) (calculated harassment without penological justification may raise Eighth Amendment claim). However, isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See, e.g.*, *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

> The use of . . . derogatory language, while unprofessional and deplorable, does not violate the Constitution. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999). Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection).

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). *See also Antoine v. Uchtman*, 275 F. App'x. 539, 541 (7th Cir. 2008) ("[T]he Constitution does not compel guards to address prisoners in a civil tone using polite language.").

Plaintiff does not allege that Defendants Cobb, Wise, and Hadley made an effort to routinely harass him in an effort to punish him, in violation of the Eighth Amendment. Instead, Plaintiff claims that these Defendants made rude comments to him after he made requests to clean up his cell, and relates three such comments in his complaint. These isolated, infrequent comments do not rise to the level of constitutional violations. *See DeWalt,* 224 F.3d at 612. The Court does not condone these comments, but finds that they do not constitute cruel and unusual punishment, nor

do they deprive Plaintiff of a protected liberty interest or equal protection of the laws. For these reasons, this claim for harassment against Defendants Cobb, Wise, and Hadley will be dismissed with prejudice.

**COUNT 3:    Deliberate Indifference**

Plaintiff alleges that, at some unspecified time, he began having chest pains, and that he asked to see medical staff. Plaintiff states that he informed correctional officers on duty who in turn called Defendant Cobb. But Defendant Cobb refused the request, and Plaintiff did not receive medical treatment.[1]

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)). Consequently, for medical claims brought under this standard, a detainee must show that "he had an 'objectively serious medical need,' and that the individual officers were

---

[1] The Court notes that although this claim does not arise out of the same transaction or series of transactions as Counts 1 and 2 so as to be related to the claims in either of those Counts, Rule 18(a) of the Federal Rules of Civil Procedure permits Plaintiff to assert all of his claims against a Defendant in one civil action. Because Defendant Cobb is named in Counts 1 and 2, Plaintiff is able to bring Count 3 in this suit.

'aware of the [detainee's] serious medical needs and disregarded an excessive risk that a lack of treatment posed to the [detainee's] health or safety . . . .'" *Grieveson v. Anderson,* 538 F.3d 763, 775 (7th Cir. 2008) (quoting *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001)).

In *Gutierrez v. Peters,* the Seventh Circuit adopted the Ninth Circuit's approach to determining when a medical condition is "serious" and where "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" 111 F.3d 1364, 1373 (7th Cir. 1997) (quoting *McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir. 1992) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). The Seventh Circuit found the following indicators of a serious medical need to be "both sensible and workable": "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* (citing *McGuckin*, 974 F.2d at 1059-60). The undersigned Judge will apply this "sensible and workable" approach to the matter *sub judice*.

Plaintiff's allegations of untreated chest pains meet these criteria. The presence of chest pains is a common indication of a potential heart attack that most laymen would recognize the need to treat. Had Plaintiff's chest pains been warning signs of a heart attack, Defendant Cobb's failure to provide medical treatment could have resulted in Plaintiff's death. While Plaintiff does not detail the frequency or duration of the chest pains, it is apparent that he was suffering from a serious medical need.

However, that does not end the inquiry. As discussed above, the Seventh Circuit also requires evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk

of harm related to that serious medical need.  *See Grieveson* 538 F.3d at 771-72, 777-79; *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering").  The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.  *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques).  However, an inmate need not prove that a defendant intended the harm that ultimately transpired or believed that the harm would occur.  *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

Thus, Plaintiff must sufficiently allege that Defendant Cobb was aware of his serious medical need or showed a reckless disregard for Plaintiff's health and safety.  Plaintiff states in his complaint that he told unnamed correctional officers of his chest pains and that they in turn informed Defendant Cobb that Plaintiff requested medical attention.  As a result, Defendant Cobb was on notice of Plaintiff's serious medical condition, which as stated above, would likely be recognized by a layperson as requiring medical attention.  The fact that Defendant Cobb then denied medical treatment for Plaintiff indicates at best a reckless disregard for Plaintiff's health, and at worst a malicious attempt to cause Plaintiff harm.  In either case, Plaintiff has sufficiently stated a claim for deliberate indifference against Defendant Cobb, and this claim will not be dismissed at this time.

**Defendant White County Jail:**

Plaintiff names White County Jail as a defendant in the action.  In order to obtain relief against a municipality, a plaintiff must allege that the constitutional deprivations he suffered

were the result of an official policy, custom or practice of the municipality. *Monell v. Dept. of Soc. Services of the City of New York,* 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006). After careful consideration, the Court finds that while the allegations create only a tenuous link, they are sufficient to survive threshold review. Plaintiff's allegations that sewer water was allowed to back up into his cell, despite his continued pleas to alleviate the problem, may be an indication of a policy, custom, or practice that sanctioned conditions that infringed upon the constitutional right of prisoners. Plaintiff may proceed with his claims against Defendant White County Jail.

**Motions:**

On July 13, 2011, Plaintiff filed three motions with this Court: Motion for Leave to Proceed *in forma pauperis* (Doc. 10); Motion for Counsel (Doc. 11); and Motion for Service of Process at Government Expense (Doc. 12). The Court will address each of these Motions in turn.

Plaintiff originally filed his complaint in the Central District of Illinois on February 7, 2011 (Doc. 1). On that same date, Plaintiff filed a Motion to Proceed *in forma pauperis* (Doc. 2), which was granted on February 11, 2011. This case was then transferred to this Court on March 23, 2011. Because Plaintiff was granted *in forma pauperis* status in the Central District, he does not need to re-file his motion in this Court. For this reason, this Motion (Doc. 10) is **DENIED** as moot.

Plaintiff moves the Court to appoint counsel for him in this case and states that he is unable to contact any attorneys on his own because of his incarceration (Doc. 11). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the . . . plaintiff made a reasonable

attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  With regard to the first step of the inquiry, Plaintiff states in his motion that he has not contacted any attorneys because he is in prison.  As such, Plaintiff has not made a reasonable effort to obtain counsel on his own.  Other incarcerated individuals face the same challenge; it does not prevent them from seeking counsel, nor is Plaintiff precluded from attempting to obtain counsel on his own.  Therefore, Plaintiff's Motion for the Appointment of Counsel (Doc. 11) will be **DENIED**, without prejudice.  The Court reserves the right to re-examine this issue at a later point in the litigation, should the need arise.

Plaintiff also moves for service of process at the government's expense (Doc. 12). This Motion is **DENIED** as moot.  Summons will be issued and served on Defendants as ordered below.  Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons, and the Court will direct service for any complaint that passes preliminary review.

**Disposition:**

**IT IS HEREBY ORDERED** that Count 2 of this action is dismissed with prejudice. Counts 1 and 3 shall remain in this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **COBB, WISE, HADLEY** and **WHITE COUNTY JAIL** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order

to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams

for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 16, 2011**

/s/ **MICHAEL J. REAGAN**
**MICHAEL J. REAGAN**
**United States District Judge**