IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL S. WHITE, #S-10487, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-0230-MJR-SCW |
| | ) |
| WHITE COUNTY JAIL, | ) |
| RANDY COBB, TOM HEADLEY and | ) |
| JOE WISE, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I. Introduction

This matter has been referred to the undersigned United States Magistrate Judge by United States District Judge Michael J. Reagan pursuant to **28 U.S.C. § 636(b)(1)(B)**, **FED. R. CIV. P. 72(b)**, and **Local Rule 72.1(a)** for Report and Recommendation on the issue of whether Defendants White County Jail, Tom Headley, and Joe Wise subjected Plaintiff to unsanitary cell conditions. It is **RECOMMENDED** that the Court **GRANT** Defendants' motion for summary judgment and that the Court **ADOPT** the following findings of fact and conclusions of law.

### II. Factual Findings

The incidents giving rise to this case occurred while Plaintiff, Randall White, was detained in White County Jail. Plaintiff was in White County Jail from January 4, 2010 to April 12, 2010. (Doc. 56-1, White Deposition at p. 8). He was placed in "A-cell" towards the end of February, and was housed there until his transfer to IDOC (Illinois Department of Corrections) in April. (*Id.* at p. 10).

Upon entering into White County Jail, White was given various hygienic supplies such as a toothbrush, tooth paste, comb, and a bar of soap. (Doc. 56-1, White Dep. at p. 11). Whenever he needed more supplies, they were made available to him. (*Id.* at p. 11). White had access to a toilet and television twenty-four hours per day. He was provided with fresh clothes and towels daily. (Doc. 56-1, White Dep. at p. 14; Doc. 56-2, White Dep. at p. 22). White was provided with three meals a day, usually a hot breakfast and dinner, and a cold lunch. (Doc. 56-2, White Dep. at p. 20). White's laundry was done about once per week. (*Id.* at pp. 22, 23). White and his cellmates were given cleaning supplies to clean their cell on Monday, Wednesday, and Friday of every week. (Doc. 56-1, White Dep. at p. 13).

White also had access to a shower in his cell. (*Id.* at 10). The showers ran four times per day for 5-10 minutes each time. (*Id.* at p. 12; Doc. 56-2, White Dep. at p.29). The shower in White's cell flooded every time it ran. (Doc. 56-2, White Dep. at p. 26). In White's cell the shower water would fail to go down the drain after a few minutes, and would flow over into other areas of the cell, including the day room, sleeping areas, and hallway. (*Id.* at p. 26-27). The water that was flooding the cell was the clean water from the showerhead. (*Id.* at 30). Defendant Tom Headley, a guard, attempted to plunge the shower drain, but this did not alleviate the problem. (*Id.* at p. 25). This problem persisted for about a month and half. (*Id.* at 27). The water in the showers eventually drained once the showers were turned off, but it could take "five minutes or so" for the water to completely drain. (*Id.* at p. 30). According to White's deposition, the failure of the water to properly drain made it inconvenient for White to play cards, or talk on the telephone. (*Id.* at p. 33). White and his cellmates were able to avoid the flood water by moving to another part of the cell. (Doc. 56-3, White Dep. at p. 33). Further, White and his

cellmates were able to soak up the water with "tissue and stuff," and their dirty jumpsuits that were placed in the corner of the cell. (*Id.* at 32; Doc. 56-2, White Dep. at p. 28-29).

### III. Conclusions of Law

**A. Summary Judgment Standard**

Summary Judgment is proper only "if the admissible evidence considered as a whole shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." ***Dynegy Mktg. & Trade v. Multi Corp.*, 648 F.3d 506, 517 (7th Cir. 2011)(internal quotation marks omitted)(citing FED.R.CIV.P. 56(a));** *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, **422 F.3d 603, 607 (7th Cir. 2005)**. The party seeking summary judgment bears the initial burden of demonstrating – based on the pleadings, affidavits, and/or information obtained via discovery – the lack of any genuine issue of material fact. ***Celotex Corp. v. Catrett*, 477 U.S. 317 323 (1986)**.

After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)(quoting FED.R.CIV.P. 56(e)(2))**.[1] A fact is material if it is outcome determinative under applicable law. ***Anderson*, 477 U.S. 242, 248 (1986); *Balance v. City of Springfield, Illinois Police Department*, 424 F.3d 614, 616 (7th Cir. 2005); *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004)**. A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." ***Anderson*, 477 U.S. at 248**. "A mere scintilla of evidence in support of the nonmovant's petition is insufficient; a party will be successful in opposing summary judgment

---

[1] Though Rule 56 was amended in 2010, the amendment did not change the summary judgment standard. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

only when it presents definite, competent evidence to rebut the motion." ***Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001)(citations and quotations omitted)**.

On summary judgment, the Court considers the facts in the light most favorable to the non-movant. *Srail v. Vill. of Lisle*, **588 F.3d 940, 948 (7th Cir. 2009)**. The Court adopts reasonable inferences and resolves doubts in the nonmovant's favor. ***Id.*; *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d at 512**. Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternate inferences can be drawn from the available evidence." ***Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004). *See also Anderer v. Jones*, 385 F.3d 1043, 1064 (7th Cir. 2004)**.

### B. Unsanitary Conditions

Because the Plaintiff was not yet convicted at the time of the events at issue in this case, his rights were guaranteed by the Fourteenth Amendment. ***Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009); *Wilson v. Williams*, 83 F.3d 870, 875 (7th Cir. 1996) ("Between the status of free citizen and convicted prisoner lies the 'pretrial detainee,' protected by the due process clause of the Fourteenth Amendment.")**[2] The Seventh Circuit has instructed that "pretrial detainees are entitled to *at least* as much protection as the constitution provides convicted prisoners." ***Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir. 2005)**. While the Seventh Circuit has indicated that the Fourteenth Amendment provides a broader protection than the Eighth Amendment, neither the Seventh Circuit nor the Supreme Court has indicated what those extra protections would be. *See **Lewis*, 581 F.3d at 474-75 (While "the exact contours of**

---

[2] As noted by the Seventh Circuit in *Lewis*:

Pretrial detainees, by contrast [to sentenced prisoners], have not been convicted or sentenced and thus are not yet "punishable" under the law. *See Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed 2d 447 (1979) ("[A pretrial] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."). This means that pretrial detainees "may not be 'punished' by the state in any way." *Wilson*, 83 F.3d at 875.

**any additional safeguards remain undefined," it is clear that "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment.")**.

Pretrial detainees may be subjected to "the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment…." ***Bell v. Wolfish*, 441 U.S. 520, 536-537 (1979)**. In determining if a particular condition is constitutional, a court must determine if a condition was imposed as punishment. ***Id.* at 538**. Pretrial detainees "may be assigned to the prisons and covered by the usual institutional rules, which are designed to assure safety and security." ***Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003)**. "Placement in a prison, subject to the institutions usual rules" does not signify punishment. ***Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 99 (1979))**. Thus, the Court will adopt the Eighth Amendment standard to analyze Plaintiff's claims.

To determine liability under 42 U.S.C. § 1983 for conditions of confinement inflicted as "punishment," a plaintiff must establish objective and subjective components. ***Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992)**. "The objective component is the *nature* of the acts or practices alleged to constitute cruel and unusual punishment." ***Id.*** The subjective component requires a showing of deliberate indifference to a substantial risk of serious harm. ***Farmer v. Brennan*, 511 U.S. 825, 828 (1994)**.

Conditions do not rise to the level of cruel and unusual punishment "when no specific deprivation of a single human need exists." ***Wilson v. Seiter*, 501 U.S. 294, 305 (1991)**. Prison officials must provide inmates with "adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" ***Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984))**. "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones." ***Id.* (quoting *Rhodes v.***

*Chapman*, 452 U.S. 337, 349 (1981)). In order to succeed on a claim for unsanitary prison conditions, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." ***Helling v. McKinney*, 509 U.S. 25, 36 (1993)**. The Court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwilling to such a risk." *Id.* Not every injury translates into constitutional liability – the "deprivation alleged must be, objectively, 'sufficiently serious.'" ***Farmer*, 511 U.S. at 834 (citing *Wilson*, 501 U.S. at 298)**.

        The Supreme Court held in *Rhodes* that the "double bunking" of inmates in cells meant for one person did not violate their rights because there was neither injury nor any deprivation of rights. ***Rhodes*, 452 U.S. at 348**. In *Helling*, the Court held that there was an Eighth Amendment violation only if the prisoner could show not only the likelihood that harm would result, but also that society would not tolerate the risk of being exposed to second hand tobacco smoke. ***Helling*, 509 U.S. at 36**. But in *Vinning-El*, the Seventh Circuit determined that an inmate being detained in a cell without running water, and being denied cleaning supplies when there was human waste covering the floor and walls, "deprived him of the 'minimal civilized measure of life's necessities.'" ***Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)**.

        Here Defendants argue they are entitled to summary judgment because there is no evidence that White was subjected to objectively serious conditions so as to invoke the Fourteenth or Eighth Amendments. The Court finds that there are no issues of material fact, as the Defendants do not dispute any of the averments made by White in his deposition. The Court concludes that Defendants are entitled to summary judgment.

        That the shower in White's cell would flood whenever the showers were run (four times per day) is undisputed. The water that was flooding his jail cell was the water from the

showerhead that failed to go down the malfunctioning drain. While the Defendants have not disputed that this flooding could be an inconvenience to White, there is nothing to suggest that this inconvenience deprived White of any basic human need. Further, there is nothing to show that this flooding posed any kind of health risk, as the water – drained in five minutes or so – and it was that from the showerhead, therefore being clean water.

White argues that the (clean) water created an unsanitary condition, clean water notwithstanding, there are other statements by White that negate his claim. White argues that the denial of a mop to clean the water created an unsanitary condition because the water would remain on the floor of the cell. However, White and his cellmates had a pile of used jumpsuits kept in their cell that was used to soak up the water, and thereby serving the same function as a mop. The use of these jumpsuits to soak up the water posed no risk nor did it cause a deprivation to White because he was brought new jumpsuits and towels daily. Further, any unsanitary effects of the water were remedied by the fact that White was given cleaning supplies three times a week to sanitize and clean his cell.

Even if five minutes of standing water may have been uncomfortable, it posed no health risk, and deprived White of no recognizable right. White was given cleaning supplies three times a week, clean jumpsuits and towels daily, and was given general hygienic supplies. Further, the condition was temporary, lasting for only about a month and a half. Nothing in the record leads the Court to conclude that the conditions White was exposed to violated contemporary standards of decency.

Since the Court finds that the White cannot satisfy the objective component of his claim, there is no need to analyze whether the subjective element is satisfied. It does not matter if the Defendants were or were not indifferent to White's cell conditions, since the conditions were

not unsanitary, unclean or inhospitable so as to invoke the Eighth Amendment's protection. Thus, the undersigned **FINDS** that there are no issues of material fact for trial. Therefore, the undersigned **RECOMMENDS** that the Court **FIND** that the Defendants are entitled to summary judgment on the Plaintiff's Eighth Amendment claim.

### IV. Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Defendants are entitled to summary judgment in White's claim of unsanitary conditions. Thus, the undersigned **RECOMMENDS** that the Court **GRANT** Defendants' motion for summary judgment (Doc. 55), and dismiss this claim with prejudice. Should the Court adopt this Report and Recommendation, there will be no remaining claims against Defendants.

Pursuant to **28 U.S.C. § 636(b)(1)** and **LOCAL RULE 73.1**, the parties shall have fourteen (14) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.

IT IS SO ORDERED

DATED: June 4, 2012

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge