IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RANDALL S. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-0230-MJR-SCW |
| | ) | |
| WHITE COUNTY JAIL, RANDY COBB, TOM HEADLEY and JOE WEISS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Randall White, an inmate currently incarcerated in the Illinois River Correctional Center, was at all times relevant to this action housed in the White County Jail. White brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Liberally construed, White's complaint alleges three claims of Eighth Amendment violations: Defendants housed him in unsanitary and hazardous conditions (Count 1); Defendants subjected him to verbal harassment (Count 2); and Defendants were deliberately indifferent to his serious medical needs (Count 3).

On preliminary review, the Court dismissed Count 2, White's claim that Defendants had subjected him to verbal harassment, but found that he had stated a claim as to his allegations of being housed in unsanitary conditions and deliberate indifference to serious medical needs (Doc. 13). On

1

April 12, 2012, the Court granted summary judgment on the deliberate indifference medical claim, finding that White had failed to exhaust his administrative remedies as to that claim (Doc. 54). So, White's sole remaining claim is that he was housed in unsanitary conditions.

On April 18, 2012, Defendants filed a motion for summary judgment, to which White filed a timely response (Docs. 55, 56, 57). On June 4, 2012, United States Magistrate Judge Stephen C. Williams submitted a Report and Recommendation ("the Report") pursuant to **28 U.S.C. § 636(b)(1)(B)**, recommending that the Court grant Defendants' motion (Doc. 58). Specifically, Judge Williams found that water overflow into White's cell from a shower, which drained in approximately five minutes, may have been uncomfortable but posed no health risk and deprived White of no cognizable constitutional right.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. The period in which to file objections has expired. Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 58) in its entirety, **GRANTS** Defendants' motion for summary judgment (Doc. 55) and **DISMISSES** this claim with prejudice. As this is the last claim remaining for disposition herein, judgment may now be

entered and the case closed. Accordingly, the Court **DIRECTS** the Clerk of Court to enter judgment against Plaintiff White and in favor of Defendants Cobb, Headley, Weiss and White County Jail.

IT IS SO ORDERED.

DATED this 9th day of July, 2012

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge
